IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAMAL K. ROY, §<br>(a/k/a Joseph Geronimo Jr.) §<br>  §<br>Plaintiff, §<br>  §<br>vs. §<br>  §<br>JOHN DOE, *et al.*, §<br>  §<br>Defendants. § | CIVIL ACTION H-13-1757 |

## MEMORANDUM AND ORDER

Kamal K. Roy, a citizen of New York, proceeding *pro se* and *in forma pauperis*, submitted handwritten correspondence that was filed as a civil rights lawsuit under 42 U.S.C. § 1983. Because the claims lack merit as a matter of law, the complaint is dismissed.

Roy's 68-page submission consists of illegible notes handwritten across seemingly unrelated documents, including court orders, receipts, letters, affidavits, medical records of Lisa Roy, a bill from Time Warner Cable, a Notice of Decision by the Worker's Compensation Board in New York relating to Lisa Roy, part of a Wage and Tax Statement from 2005, an earnings statement for Lisa Roy, a bill from Verizon Wireless, voided prescriptions, a copy of a newspaper article, and a letter from the Department of the Treasury, Internal Revenue Service to Handicap Interest International and World Religions Group. Roy's legible allegations include:

> K K Roy a/k/a I was born as Joseph Geronimo Jr. In Guam, (U.S.A) was born of two U.S. citizen parents, was orphan at early age . . . and living in New York state . . . since 1968 now a clergy with vow of poverty (IRS) and he is a senior citizen of USA . . . U.S. presidential candidate due election in Nov 2016 as a . . . GOP candidate Dr. K. Roy as Republican in Franklin County, New York.

(Docket Entry No. 1, Complaint, p. 1). "Lisa N. Roy, RN, a victim of unlawful termination on job at Macy's, Watertown, New York. Lisa N. Roy as victim of motor vehicle accident in New York." (Docket Entry No. 1, Complaint, p. 6).

Roy's complaint fails to meet basic pleading requirements. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Rule 10 requires that:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.
>
> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence–and each defense other than a denial–must be stated in a separate count or defense.

FED. R. CIV. P. 10(a), (b).

A district court may dismiss a complaint filed *in forma pauperis* if the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Henson-El v. Rogers,* 923 F.2d 51, 53 (5th Cir.), *cert. denied,* 501 U.S. 1235 (1991). A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory. *Neitzke,* 109 S. Ct. at 1831. A claim

is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

Roy does not present a logical set of facts to support any claim for relief. Instead, his complaint presents fantastic allegations that are fanciful or delusional. Construing Roy's allegations liberally, the court finds that there is no theory on which he may proceed. Roy's claims are incoherent and do not identify a legal injury or claim. The complaint is dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Roy has an extensive litigation history. It is summarized in Civil Action Number 1:12-8500, filed in United States District Court for the Southern District of New York:

> Plaintiff has filed similarly unintelligible complaints in other federal district courts that have been dismissed as frivolous and for failure to state a claim. *See Roy v. United States,* No. 09 Civ 241, 2009 WL 4064578, at *1-2 (D. Vt. Nov. 20, 2009) (dismissing 60-page, "largely unintelligible" complaint); *Roy v. United States Government,* No. 09 Civ. 11905, 2009 WL 1449090, at *1 (E.D. Mich. May 21, 2009) (dismissing submission "comprised of multiple pages containing illegible hand-written notations scrawled across them" as frivolous and malicious); *Roy v. 2 Democratic Senators of NYS,* No. 09 Civ. 0688 (GTS) (DRH), 2009 WL 2905486, at *3-4 (N.D.N.Y. Sep. 9, 2009) (noting that at time of dismissal order, the vast majority of Plaintiff's 161 *pro se* civil rights cases filed in federal courts across the country were dismissed *sua sponte* under Rules 8, 10 and/or 12). In light of Plaintiff's litigation history, a number of courts have barred him from filing further IFP actions unless he first obtains permission from the court. *See e.g., Roy v. United States Government,* 2009 WL 1449090, at *1 (E.D. Mich.); *Roy v. 2 Democratic Senators of NYS,* 2009 WL 2905486, at *4 (N.D.N.Y.); *In re Roy,* No. 08 Civ. 1257 (DLI) (LB), 2008 WL 2065702, at *1 (E.D.N.Y. May 13, 2008).

A national litigation index reveals that Roy has filed at least 191 civil actions in federal courts across the country. He has been sanctioned for his litigation abuses.

In *Roy v. People's Ass'n*, the court stated:

> Because Roy's complaint fails to state any cognizable claim for relief against any defendant, the Court ACCEPTS the Magistrate''s Recommendation and DISMISSES the Complaint WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further notes that, while the instant complaint was pending, the Court entered the following order in another suit filed by Roy:
>
> IT IS FURTHER ORDERED that the Plaintiff, in his individual capacity or as a representative of any organization, is hereby barred from filing any future actions in the Western District of Texas without first obtaining leave of court. Leave may be obtained from any district judge in the Western District of Texas or any judge on the Fifth Circuit Court of Appeals. Order of January 31, 2008, *Roy v. Assoc. to Demand Equitable Justice*, 1:07-cv-957-SS (W.D. Tex. 2007). This Order remains in full force and effect; Roy shall file no further actions in the Western District of Texas without leave of court.

Civil Action Number 1:08-0038 (W.D. Tex. June 18, 2008). This court may enforce sanction orders imposed by other federal district courts in Texas. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.), *cert. denied*, 526 U.S. 1157 (1999).

Roy's motion to proceed as a pauper, (Docket Entry No. 1), is granted. Roy's complaint lacks an arguable basis in law and his claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, Roy's claims are barred by outstanding sanctions imposed by the United States District Court for the Western District of Texas. Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on June 26, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge